**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern    District of    New York
(State)

Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201G

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Fairway Group Acquisition Company

2. **All other names debtor used in the last 8 years**    See Schedule 1

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    20-5942860

4. **Debtor's address**

   **Principal place of business**

   | 2284 | 12th Avenue |
   |---|---|
   | Number | Street |

   P.O. Box

   | New York | New York | 10027 |
   |---|---|---|
   | City | State | ZIP Code |

   New York County
   County

   **Mailing address, if different from principal place of business**

   | | |
   |---|---|
   | Number | Street |

   P.O. Box

   | | | |
   |---|---|---|
   | City | State | ZIP Code |

   **Location of principal assets, if different from principal place of business**

   | | |
   |---|---|
   | Number | Street |

   | | | |
   |---|---|---|
   | City | State | ZIP Code |

5. **Debtor's website** (URL)    www.fairwaymarket.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4451 – Grocery Stores

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes   District: Southern District of New York – See Schedule 2   When: May 2, 2016 (MM/DD/YYYY)   Case number: 16-11241 (MEW)

District: _____   When: _____ (MM/DD/YYYY)   Case number: _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor: See Schedule 3   Relationship: See Schedule 3
District: Southern District of New York   When: See Schedule 3 (MM/DD/YYYY)
Case number, if known: _____

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     Page 2

WEIL:\97340870\4\44444.0008

| | | |
|---|---|---|
| **11.** | **Why is the case filed in this district?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br><br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>Number    Street<br>_____<br>City       State       ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>Contact Name _____<br>Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors**<br>(on a consolidated basis with all affiliated debtors) | ☐ 1-49           ☒ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99          ☐ 5,001-10,000       ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000      ☐ More than 100,000<br>☐ 200-999 |
| **15.** | **Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☒ $100,000,001-$500 million   ☐ More than $50 billion |
| **16.** | **Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☒ $100,000,001-$500 million   ☐ More than $50 billion |

| | |
|---|---|
| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 23, 2020__
                MM / DD / YYYY

× __/s/ Abel Porter__                           __Abel Porter__
Signature of authorized representative of debtor    Printed name

__Chief Executive Officer__
Title

**18. Signature of attorney**

× __/s/ Sunny Singh__                           Date __January 23, 2020__
Signature of attorney for debtor                        MM / DD / YYYY

__Sunny Singh__
Printed Name

__Weil, Gotshal & Manges LLP__
Firm Name

__767 Fifth Avenue__
Number        Street

__New York__            __New York__            __10153__
City                    State                    ZIP Code

__(212) 310-8000__                          __sunny.singh@weil.com__
Contact phone                                Email address

__4456349__                                 __New York__
Bar Number                                   State

## **Schedule 1**

### All other names Debtor used in the last 8 years

| |
|---|
| Fairway |
| Fairway Market |
| Fairway - Like No Other Market |
| Fairway Como Ningún Otro Mercado |
| The World's Greatest Food Store |
| The World's Greatest Wines & Spirits Store |
| Fairway Café |
| Fairway Café & Steakhouse |
| Fairway Wines & Spirits |
| Fairway Wines |
| Sur la Route |
| Sur la Route Café by Fairway Market |
| The Cooking Place at Fairway Market |
| FWM Fresh |
| Fairway Nanuet LLC |

## Schedule 2

### Prior Bankruptcy Cases filed by the Debtor within the Last 8 Years

On May 2, 2016, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York, and their chapter 11 cases were jointly administered under Case No. 16-11241 (MEW). Fairway Group Holdings Corp.

| NAME OF DEBTOR | CASE NUMBER |
| --- | --- |
| Fairway Group Holdings Corp. | 16-11241 (MEW) |
| Fairway Group Acquisition Company | 16-11242 (MEW) |
| Fairway Bakery LLC | 16-11243 (MEW) |
| Fairway Broadway LLC | 16-11244 (MEW) |
| Fairway Chelsea LLC | 16-11245 (MEW) |
| Fairway Construction Group, LLC | 16-11246 (MEW) |
| Fairway Douglaston LLC | 16-11247 (MEW) |
| Fairway East 86th Street LLC | 16-11248 (MEW) |
| Fairway eCommerce LLC | 16-11249 (MEW) |
| Fairway Georgetowne LLC | 16-11250 (MEW) |
| Fairway Greenwich Street LLC | 16-11251 (MEW) |
| Fairway Group Central Services LLC | 16-11252 (MEW) |
| Fairway Group Plainview LLC | 16-11253 (MEW) |
| Fairway Hudson Yards LLC | 16-11254 (MEW) |
| Fairway Kips Bay LLC | 16-11255 (MEW) |
| Fairway Nanuet LLC | 16-11256 (MEW) |
| Fairway Paramus LLC | 16-11257 (MEW) |
| Fairway Pelham LLC | 16-11258 (MEW) |
| Fairway Pelham Wines & Spirits LLC | 16-11259 (MEW) |
| Fairway Red Hook LLC | 16-11260 (MEW) |
| Fairway Stamford LLC | 16-11261 (MEW) |
| Fairway Stamford Wines & Spirits LLC | 16-11262 (MEW) |
| Fairway Staten Island LLC | 16-11263 (MEW) |
| Fairway Uptown LLC | 16-11264 (MEW) |
| Fairway Westbury LLC | 16-11265 (MEW) |
| Fairway Woodland Park LLC | 16-11266 (MEW) |

## Schedule 3

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Fairway Group Holdings Corp.

| COMPANY | CASE NUMBER |
| --- | --- |
| Fairway Group Holdings Corp. | 20-_____ (    ) |
| Fairway Group Acquisition Company | 20-_____ (    ) |
| Fairway Bakery LLC | 20-_____ (    ) |
| Fairway Broadway LLC | 20-_____ (    ) |
| Fairway Chelsea LLC | 20-_____ (    ) |
| Fairway Construction Group, LLC | 20-_____ (    ) |
| Fairway Douglaston LLC | 20-_____ (    ) |
| Fairway East 86th Street LLC | 20-_____ (    ) |
| Fairway eCommerce LLC | 20-_____ (    ) |
| Fairway Georgetowne LLC | 20-_____ (    ) |
| Fairway Greenwich Street LLC | 20-_____ (    ) |
| Fairway Group Central Services LLC | 20-_____ (    ) |
| Fairway Group Plainview LLC | 20-_____ (    ) |
| Fairway Hudson Yards LLC | 20-_____ (    ) |
| Fairway Kips Bay LLC | 20-_____ (    ) |
| FN Store LLC | 20-_____ (    ) |
| Fairway Paramus LLC | 20-_____ (    ) |
| Fairway Pelham LLC | 20-_____ (    ) |
| Fairway Pelham Wines & Spirits LLC | 20-_____ (    ) |
| Fairway Red Hook LLC | 20-_____ (    ) |
| Fairway Stamford LLC | 20-_____ (    ) |
| Fairway Stamford Wines & Spirits LLC | 20-_____ (    ) |
| Fairway Staten Island LLC | 20-_____ (    ) |
| Fairway Uptown LLC | 20-_____ (    ) |
| Fairway Westbury LLC | 20-_____ (    ) |
| Fairway Woodland Park LLC | 20-_____ (    ) |

# WRITTEN CONSENT OF THE
# SOLE MEMBER OF THE BOARD OF DIRECTORS
# OF FAIRWAY GROUP ACQUISITION CO.

Effective as of this 22nd day of January, 2020, the undersigned, being the sole member of the board of directors (the "**Board**") of Fairway Group Acquisition Co., a Delaware corporation (the "**Company**"), pursuant to the organizational documents of the Company and applicable law, does hereby consent and agree that the following resolutions be, and hereby are, adopted in lieu of a special meeting:

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board desires to approve the following resolutions.

## I. Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

## II. Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions or the guarantee of the lending transactions, as applicable, under that certain debtor-in-possession credit facility in an aggregate principal amount of up to $25,000,000 plus the Roll-up Amount (as defined below), consisting of (I) a new money facility comprised of (x) $20,000,000 in an aggregate maximum principal

amount of New Money DIP Loans and (y) $5,000,000 in an aggregate maximum principal amount of New Money Delayed Draw DIP Loans, and (II) a roll-up facility in an aggregate principal amount equal to each Lender's (as defined below) "L/C Loans" and "New Term Loans" under the Prepetition Credit Agreement held as of the Petition Date (the "**Roll-up Amount**"), in each case to be evidenced by that certain Debtor-in-Possession Credit Agreement, to be entered into by and among Fairway Group Acquisition Company ("**Fairway Acquisition**"), as borrower, the Company, the lenders from time to time party thereto (the "**Lenders**"), and Ankura Trust Company, LLC, as administrative agent (in such capacity, including any successor thereto, the "**Administrative Agent**") and as collateral agent (in such capacity, including any successor thereto, the "**Collateral Agent**") for the Lenders (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to each Governing Body (ii) the Guarantee and Collateral Agreement, to be entered into by and among each of the Companies and the Collateral Agent (the "**Guarantee and Collateral Agreement**") and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement and the Guarantee and Collateral Agreement, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder, including the borrowings and guarantees, as applicable, contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized, empowered, and directed to incur or guarantee, as applicable, the Obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the

Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### III.     Asset Purchase Agreement

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company that the Company, its sole stockholder, Fairway Group Holdings Corp., and certain of the Company's direct and indirect wholly-owned subsidiaries enter into, and the Company will obtain benefits from, the transactions contemplated by an Asset Purchase Agreement (the "**APA**") with Village Super Markets, Inc., substantially in the form attached hereto as Exhibit A, and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith (together with the APA, the "**Purchase Documents**"), in each case subject to approval by the Bankruptcy Court; and be it further

**RESOLVED**, that the form, terms and provisions of each of the Purchase Documents and the Company's performance of its obligations thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Purchase Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Purchase Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Purchase Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Purchase Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Purchase Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### IV.     Retention of Advisors

**RESOLVED**, that the firm of Peter J. Solomon, located at 1345, 6th Avenue, New York, NY 10105, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Mackinac Partners, LLC, located at 74 W. Long Lake #205, Bloomfield Hills, MI 48304, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Omni Agent Solutions, located at 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

### V.   Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to enter into a Restructuring Support Agreement (together with the term sheet annexed thereto, the "**Restructuring Support Agreement**") on terms and conditions in the form of <u>Exhibit B</u>; and be it further

**RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as the executive officer of the Company executing the same may in his discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, the Restructuring Support Agreement substantially in the form presented to the Board, and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement; and be it further

### VI.   Approval of Actions of Subsidiary

**RESOLVED**, that the Company, as the sole member of each of Fairway Bakery, LLC, Fairway Broadway LLC, Fairway Construction Group, LLC., Fairway eCommerce LLC, Fairway Douglaston LLC, Fairway East 86th Street LLC, Fairway Group Central Services LLC, Fairway Group Plainview LLC, Fairway Paramus LLC, Fairway Pelham LLC, Fairway Pelham Wines & Spirits LLC, Fairway Red Hook LLC, Fairway Stamford LLC, Fairway Stamford Wines & Spirits LLC, Fairway Uptown LLC, Fairway Woodland Park LLC, Fairway Kips Bay LLC, Fairway Westbury LLC, FN Store LLC, Fairway Chelsea LLC, Fairway Lake Grove LLC, Fairway Greenwich Street LLC, Fairway Hudson Yards LLC, Fairway Staten Island LLC and Fairway Georgetowne LLC (collectively, the "Subsidiaries") hereby ratifies, approves, confirms and adopts all actions taken (and to be taken) by each of the Subsidiaries in connection with the Purchase Documents and the transactions contemplated thereby; and be it further

**RESOLVED**, that the Company, in its capacity as the sole member of each of the Subsidiaries be, and hereby is, authorized and directed to negotiate, prepare , execute, deliver and perform all such other agreements, documents, certificates and instruments, and take all actions that the officer or officers of the Company may in his or their discretion deem necessary or appropriate in connection with

the DIP Financing Documents, the Purchase Documents, any deposit account control agreements in connection therewith and the transactions contemplated thereby; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to negotiate, prepare, execute, deliver and perform all such other agreements, documents, certificates and instruments, and take all actions that the officer or officers may in his or their discretion deem necessary or appropriate in order to carry out the full intent and purposes of the foregoing resolutions, the negotiation, preparation, execution, delivery or performance thereby such Authorized Officer or Officers to be conclusive evidence of the approval thereof of the Company; and be it further

## VII.    General Authorization and Ratification

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has duly executed this written consent in lieu of a meeting as of the date first set forth above.

By: _____
Name: Abel Porter
Title: Director

*[Signature Page to Written Consent]*

**Fill in this information to identify the case:**

Debtor name: Fairway Group Acquisition Company

United States Bankruptcy Court for the Southern District of New York (State)

Case number (*If known*): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | United Natural Foods, Inc. d/b/a Cornuco Attn.: Lisa Franchette 313 Iron Horse Way Providence, Rhode Island 02908 | Attn.: Lisa Franchette Phone: (603) 256-3000 E-mail: lfranchette@unfi.com | Trade Vendor | | | | $1,838,914.71 |
| 2. | Douglaston Shopping Center Owner LLC f/k/a AAC Management Corp. Attn.: John Birnbaum 150 East 58th Street, 39th Floor New York, New York 10155 | Attn.: John Birnbaum Phone: (646) 214-0271 (212) 213-4444 (Ext. 211) E-mail: jbirnbaum@aacrealty.com lostrow@aacrealty.com | Rent | Disputed | | | $961,244.09 |
| 3. | West Side Foods, Inc. Attn.: Tom Ryan Tuttie Langston 355 Food Center Drive Hunts Point Co-Op Market, Building E Bronx, New York 10474 | Attn.: Tom Ryan Tuttie Langston Phone: (917) 417-8242 / (718) 842-8500 E-mail: tryan@westsidefoodsinc.com tuttie@westsidefoodsinc.com | Trade Vendor | | | | $957,644.91 |
| 4. | UFCW Local 1500 Welfare Fund Attn.: Robert Newell 425 Merrick Avenue Westbury, New York 11590 | Attn.: Robert Newell Phone: (800) 522-0456 E-mail: rnewell@ufcw1500.org | Union - Benefits | | | | $753,742.66 |
| 5. | UFCW Local 1500 Pension Plan Attn.: Robert Newell 425 Merrick Avenue Westbury, New York 11590 | Attn.: Robert Newell Phone: (800) 522-0456 E-mail: rnewell@ufcw1500.org | Union - Benefits | | | | $711,357.78 |
| 6. | Maplebear, Inc. d/b/a Instacart Attn.: Aarron Levitan Andrew Nodes 50 Beale Street, 6th Floor San Francisco, California 94105 | Attn.: Aarron Levitan Andrew Nodes Phone: (847) 363-1985 / (202) 309-2189 E-mail: aaron.levitan@instacart.com andrew.nodes@instacart.com | Trade Vendor | | | | $697,954.10 |
| 7. | Albert's Organics Inc. Attn.: Sue Tamm 1155 Commerce Boulevard Logan Township, New Jersey 08085 | Attn.: Sue Tamm Phone: (856) 491-0197 / (856) 241-9090 E-mail: stamm@albertsfreshproduce.com aoer@albertsorganics.com | Trade Vendor | | | | $637,273.84 |

Debtor    Fairway Group Acquisition Company    Case number (if known) _____
                Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. US Foodservice, Inc.<br>Attn.: Hank Smith<br>1051 Amboy Avenue<br>Perth Amboy, New Jersey 08861 | Attn.: Hank Smith<br>Phone: (516) 993-9946 / (800) 222-1278<br>E-mail: hank.smith@usfoods.com<br>         nymarreequests@usfoods.com<br>         andy.rainone@usfoods.com | Trade Vendor | | | | $570,057.58 |
| 9. S. Katzman Produce Inc.<br>Attn.: Mario Andreani<br>213 NYC Terminal Market<br>Bronx, New York 10474 | Attn.: Mario Andreani<br>Phone: (516) 805-5804 / (718) 991-4700<br>E-mail: mandreani@katzmanproduce.com<br>         accountsreceivable@katzmanproduce.com<br>         accountsreceivable@katzmanberry.com | Trade Vendor | | | | $562,898.99 |
| 10. J & J Farms Creamery Co., Inc.<br>Attn.: Morris Glauber<br>57-48 49th Street<br>Maspeth, New York 11378 | Attn.: Morris Glauber<br>Phone: (718) 490-7236 / (718) 821-1200<br>E-mail: morris@jj-farms.com<br>         abek@jj-farms.com | Trade Vendor | | | | $476,156.13 |
| 11. Manetto Hills Associates 116, LLC<br>Attn.: Barbara Briamonte<br>500 North Broadway, Suite 201<br>P.O. Box 9010<br>Jericho, New York 11753 | Attn.: Barbara Briamonte<br>Phone: (516) 869-7157<br>E-mail: bbriamonte@kimcorealty.com | Rent | | | | $444,560.96 |
| 12. Bunzl Distribution Northeast, LLC<br>Attn.: Dave Maszezak<br>27 Distribution Way<br>Monmouth, New Jersey 08852 | Attn.: Dave Maszezak<br>Phone: (732) 821-7000<br>E-mail: dave.maszezak@bunzlusa.com | Trade Vendor | | | | $394,115.10 |
| 13. Oxford Health Insurance, Inc.<br>Attn.: Lisa D. Coleman<br>One Penn Plaza, 8th Floor<br>New York, New York 10119 | Attn.: Lisa D. Coleman<br>Phone: (212) 912-4016<br>E-mail: lcoleman@uhc.com | Insurance | | | | $345,944.99 |
| 14. Dora's Natural, Inc.<br>Attn.: Cyrus Schwartz<br>21 Empire Boulevard<br>South Hackensack, New Jersey 07606 | Attn.: Cyrus Schwartz<br>Phone: (201) 229-0500<br>E-mail: cyruss@dorasnaturals.com<br>         melissah@dorsnaturals.com | Trade Vendor | | | | $323,663.14 |
| 15. Red Hook Green Power, LLC<br>c/o The O'Connell Organization<br>Attn.: Leila Zubi<br>175 Van Dyke Street, Suite 322A<br>Brooklyn, New York 11231 | Attn.: Leila Zubi<br>Phone: (212) 202-0954<br>E-mail: lzubi@zubirosner.com | Utility | Disputed | | | $322,099.38 |
| 16. Seven Yale & Towne, LLC<br>c/o Building and Land Technology<br>Attn.: David Fife<br>1 Elmcroft Road, Suite 500<br>Hartford, Connecticut 06103-3494 | Attn.: David Fife<br>Phone: (203) 644-1526<br>E-mail: dfwaters@bltoffice.com | Rent | | | | $301,745.66 |
| 17. 229 West 74th Street Corp.<br>c/o Mt. Pleasant Management Corp.<br>Attn.: Lucius Palmer<br>855 Lexington Avenue<br>New York, New York 10065 | Attn.: Lucius Palmer<br>Phone: (212) 570-2030<br>E-mail: lpalmer@thebeekmanestate.com | Rent | | | | $291,160.12 |
| 18. Austin Meat & Seafood Company<br>Attn.: Mike Johnson<br>     Joel Wartell<br>     Liz Ponce<br>355 Food Center Drive<br>Hunts Point Co-Op Market<br>Building A-14<br>Bronx, New York 10474 | Attn.: Mike Johnson<br>     Joel Wartell<br>     Liz Ponce<br>Phone: (718) 842-6767<br>E-mail: mike.johnson@austinmeat.com<br>         joel.wartell@austinmeat.com<br>         liz.ponce@austinmeat.com | Trade Vendor | | | | $263,721.58 |

Official Form 204    List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders    Page 2

WEIL:\97340870\4\44444.0008

| Debtor | Fairway Group Acquisition Company | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19. | Donald Myers Produce, Inc.<br>Attn.: Donald Myer<br>1088 North Main Road<br>Vineland, New Jersey 08360 | Attn.: Donald Myer<br>Phone: (856) 692-4084<br>E-mail: dmyersproduce@comcast.net<br>fmartine07@gmail.com | Trade Vendor | | | | $259,189.55 |
| 20. | Blue Ribbon Fish Co., Inc.<br>Attn.: David Samuels<br>800 Food Center Drive, Unit 67<br>Bronx, New York 10474 | Attn.: David Samuels<br>Phone: (718) 620-8580<br>Email: david.blueribbon@gmail.com | Trade Vendor | | | | $242,321.42 |
| 21. | Cedro Bananas Wholesale Distributor<br>Attn.: William Mascari<br>99 Laura Street<br>New Haven, Connecticut 06512 | Attn.: William Mascari<br>Phone: (203) 996-9454 / (203) 469-9366<br>E-mail: billy@cedrobananas.com<br>lucy@cedrobanans.com | Trade Vendor | | | | $229,777.05 |
| 22. | Mama Mia Produce LLC<br>Attn.: Shimon Efergan<br>P.O. Box 505<br>East Rutherford, New Jersey 07073 | Attn.: Shimon Efergan<br>Phone: (917) 686-7061 / (973) 773-9494<br>E-mail: e.shimon@mamamiaproduce.com<br>f.olubunmi@mamamiaproduce.com<br>ar@mamamiaproduce.com | Trade Vendor | | | | $229,520.50 |
| 23. | Post Road Plaza Leasehold LLC<br>c/o Levin Management Corp.<br>Attn.: Robert Carson<br>975 US Highway 22 West<br>North Plainfield, New Jersey 07060 | Attn.: Robert Carson<br>Phone: (908) 755-7489<br>E-mail: ach-receipts@levinmgt.com<br>brand@levinmgt.com | Rent | | | | $228,514.38 |
| 24. | M B Food Processing Inc.<br>Attn.: Dean Koplik<br>4 Trolley Road<br>South Fallsburg, New York 12779 | Attn.: Dean Koplik<br>Phone: (845) 434-5051 (Ext. 16)<br>E-mail: deank@murrayschicken.com | Trade Vendor | | | | $213,402.11 |
| 25. | Wonderful Citrus Cooperative<br>Attn.: James Lopez<br>1901 South Lexington Street<br>Delano, California 93215 | Attn.: James Lopez<br>Phone: (856) 603-2200 / (661) 720-2452<br>E-mail: james.lopez@wonderful.com | Trade Vendor | | | | $207,154.50 |
| 26. | Imperial Bag & Paper Co. LLC<br>d/b/a Imperial Dade<br>Attn.: Jeff Burdick<br>255 Route 1&9<br>Jersey City, New Jersey 07306 | Attn.: Jeff Burdick<br>Phone: (201) 437-7440 (Ext. 3160)<br>E-mail: cmerced@imperialdade.com<br>fgold@imperialbag.com | Trade Vendor | | | | $198,341.08 |
| 27. | DHH Company LLC<br>c/o Paverman & Paverman CPA PC<br>Attn.: Howard Glickberg<br>Veronica Paverman<br>2525 Palmer Avenue<br>New Rochelle, New York 10801 | Attn.: Howard Glickberg<br>Veronica Paverman<br>Phone: (917) 709-3492 / (914) 633-6920<br>E-mail: fishatuna@aol.com<br>vpaverman@pavermancpa.com | Rent | | | | $180,492.41 |
| 28. | Liberty Coca-Cola Beverages LLC<br>Attn.: Roseann Messano<br>725 East Erie Avenue<br>Philadelphia, Pennsylvania 19134 | Attn.: Roseann Messano<br>Phone: (201) 838-6327<br>E-mail: messano@libertycoke.com<br>libertycashapp@coca-cola.com<br>hleal@coke-bsna.com<br>ccosme@coke-bsna.com | Trade Vendor | | | | $180,458.60 |
| 29. | Red Hook Stores, LLC<br>Attn: Greg O'Connell<br>175 Van Dyke Street, Suite 322A<br>Brooklyn, New York 11231 | Attn.: Greg O'Connell<br>Phone: (718) 624-0160<br>E-mail: greg@redhookwaterfront.com | Rent | | | | $171,908.46 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30. | XPO Courier, LLC<br>d/b/a XPO Logistics<br>Attn.: Ralph Whitty<br>       Arthur Lagrega<br>229 West 36th Street<br>New York, New York 10018 | Attn.: Ralph Whitty<br>       Arthur Lagrega<br>Phone: (646) 454-3877 / (646) 454-3855<br>E-mail: ralph.whitty@xpo.com<br>        arthur.largrega@xpo.com | Trade Vendor | | | | $171,179.85 |
| 31. | Giorgio Fresh Co.<br>Attn.: Legal Department<br>P.O. Box 8500-52948<br>Philadelphia, Pennsylvania 19179-2948 | Attn.: Legal Department<br>Phone: (610) 926-2800 (Ext. 8375)<br>Email: gfccustomersvc@giorgiofoods.com | Trade Vendor | | | | $161,227.06 |
| 32. | Valesco Trading<br>Attn.: Al Sozer<br>60 Saddle River Avenue, Unit D<br>South Hackensack, New Jersey 07606 | Attn.: Al Sozer<br>Phone: (646) 338-5604 / (201) 729-1414<br>E-mail: aos@valescofoods.com | Trade Vendor | | | | $159,027.53 |
| 33. | 2328 on Twelfth, LLC<br>c/o Paverman & Paverman CPA PC<br>Attn.: Howard Glickberg<br>       Veronica Paverman<br>2525 Palmer Avenue<br>New Rochelle, New York 10801 | Attn.: Howard Glickberg<br>       Veronica Paverman<br>Phone: (917) 709-3492 / (914) 663-6920<br>E-mail: fishatuna@aol.com<br>        vpaverman@pavermancpa.com | Rent | | | | $158,381.83 |
| 34. | Levco Route 46 Associates<br>c/o Mandelbaum<br>Attn.: Michael Mandelbaum<br>80 Main Street, Suite 510<br>West Orange, New Jersey 07502 | Attn.: Michael Mandelbaum<br>Phone: (973) 325-0011<br>E-mail: michaelm@mandelbaumfirm.com | Rent | | | | $157,952.65 |
| 35. | Nestle Waters North America Inc.<br>Attn.: Jim Gorman<br>2 Van Riper Road<br>Montvale, New Jersey 07645 | Attn.: Jim Gorman<br>Phone: (516) 317-0216<br>       (203) 629-7489<br>E-mail: jgorman@esmferolie.com | Trade Vendor | | | | $153,680.15 |
| 36. | Calavo Growers Inc.<br>Attn.: Richard Joyal<br>1141A Cummings Road<br>Santa Paula, California 93060 | Attn.: Richard Joyal<br>Phone: (805) 921-3213<br>Email: rickj@calavo.com | Trade Vendor | | | | $153,671.75 |
| 37. | Georgetowne Center Brooklyn LLC<br>c/o Sholom & Zuckerbrot Realty LLC<br>Attn.: Marc Geller<br>35-11 35th Avenue<br>Long Island, New York 11106 | Attn.: Marc Geller<br>Phone: (718) 392-5959<br>E-mail: mgeller@s-z.com | Rent | | | | $150,440.46 |
| 38. | Cibo Vita Inc.<br>Attn: Emre Imamoglu<br>12 Vreeland Avenue<br>Totowa, New Jersey 07512 | Attn.: Emre Imamoglu<br>Phone: (862) 238-8020<br>Email: emre@cibovita.com | Trade Vendor | | | | $143,595.14 |
| 39. | World's Best Cheeses, Inc.<br>Attn: Legal Department<br>111 Business Park Drive<br>Armonk, New York 10504 | Attn.: Legal Department<br>Phone: (800) 922-4337<br>Email: kathy@wbcheese.com | Trade Vendor | | | | $140,975.92 |
| 40. | Adams Apple Fruits and Vegetables LLC<br>Attn: Avi Sharon<br>1071 Duston Road<br>Valley Stream, New York 11581 | Attn.: Avi Sharon<br>Phone: (917) 559-5584<br>Email: adamsapplellc@gmail.com | Trade Vendor | | | | $139,404.20 |

**Fill in this information to identify the case:**

Debtor name: Fairway Group Acquisition Company

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

# Official Form 202
### Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 23, 2020
MM / DD /YYYY

X  /s/ Abel Porter
Signature of individual signing on behalf of debtor

Abel Porter
Printed name

Chief Executive Officer
Position or relationship to debtor

| Fill in this information to identify the case: |
|---|
| Debtor name: <u>Fairway Group Acquisition Company</u> |
| United States Bankruptcy Court for the <u>Southern District of New York</u> |
|                                                                  (State) |
| Case number (*If known*): _____ |

# LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒   The following are the debtor equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| **Name and Last Known Address or Place of Business of Holder** | **Kind/Class of Interest** | **Number of Interests Held** |
|---|---|---|
| Fairway Group Holdings Corp.<br>2284 12th Avenue<br>New York, NY 10027 | Membership | 100% |

---

[1] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Cases.

WEIL:\97340870\4\44444.0008

**Fill in this information to identify the case:**

Debtor name: <u>Fairway Group Acquisition Company</u>

United States Bankruptcy Court for the <u>Southern District of New York</u>
(State)

Case number (*If known*): _____

# Official Form 202
### Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration <u>List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>January 23, 2020</u>
MM / DD /YYYY

X <u>/s/ Abel Porter</u>
Signature of individual signing on behalf of debtor

<u>Abel Porter</u>
Printed name

<u>Chief Executive Officer</u>
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

WEIL:\97340870\4\44444.0008